Eastern District of Kentucky
**F I L E D**

OCT 2 1 2019

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

DUANE ALAN DUVALL,              )
                               )
        Petitioner,            )        Case No. 0:19-cv-100-HRW
                               )
v.                             )
                               )
U.S. DEPARTMENT OF JUSTICE     )        **MEMORANDUM OPINION**
FEDERAL BUREAU OF PRISONS,     )        **AND ORDER**
                               )
        Respondent.            )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Duane Alan Duvall is an inmate currently confined at the Federal Correctional
Institution—Ashland ("FCI Ashland") in Ashland, Kentucky.  Proceeding without a
lawyer, Duvall recently filed a petition for a writ of habeas corpus pursuant to 28
U.S.C. § 2241.  [R. 1.]  That submission is now before the Court on initial review
pursuant to 28 U.S.C. § 2243.  *See Alexander v. Northern Bureau of Prisons*, 419 F.
App'x 544, 545 (6th Cir. 2011).

Duvall's petition provides few details, but suggests that in May of this year,
he was disciplined for "interfering with the taking of count."  [R. 1 at 2.]  As
punishment, he received seven days in the Special Housing Unit ("SHU"), a three-
point custody level increase, and the loss of other privileges at his camp.  [*Id.*]
Duvall maintains an officer lied on his incident report and that he is not guilty of the

1

charged offense. [*Id.* at 2-3.] Invoking *Wolff v. McDonnell*, 418 U.S. 539 (1974), the petition requests (1) a full investigation into the disciplinary action, (2) the dismissal and expungement of the disciplinary report, and (3) the removal of the three-point custody level increase. [*Id.* at 8.]

Upon review, Duvall's § 2241 petition will be dismissed. First, Duvall has failed to adequately allege that the disciplinary proceeding violated his constitutional rights for purposes of habeas relief. The sole case relied upon by Duvall, *Wolff v. McDonnell*, articulates certain minimum procedures that prison officials must follow before sanctioning an inmate *with the loss of good time credit*. *See* 418 U.S. 539. But according to Duvall's petition, he was not sanctioned with the loss of good time credit. Instead, he received a loss of privileges at camp, seven days in the SHU, and a three-point custody level increase. [R. 1 at 2.] Thus, *Wolff* does not provide the standard for determining whether Duvall has suffered a violation of his due process rights.

Regarding Duvall's loss of privileges, "an inmate cannot challenge the loss of non-custodial privileges by way of a habeas petition because the loss of such privileges has only a speculative or incidental effect on the length of a prisoner's sentence and is not close to the core of habeas corpus." *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007) (internal quotation marks and citation omitted). And as for Duvall's alleged three-point custody level increase, "a prisoner has no

2

right to a particular security level." *See, e.g., Johnson v. CCA-Northeast Ohio Corr. Ctr. Warden*, 21 F. App'x 330, 332 (6th Cir. 2001). To the extent that Duvall seeks expungement of the disciplinary report or his three-point custody level increase because of the potential impact of the report or increase on future disciplinary decisions, "such speculative, collateral consequences of the report are insufficient to create a liberty interest." *Id.* at 333.

Similarly, the Court cannot find that Duvall's seven days in the SHU implicates a protected liberty interest such that Duvall deserves habeas corpus relief. Disciplinary segregation does not implicate a protected liberty interest for purposes of due process unless it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The petition makes no reference to an atypical or significant hardship, nor does it provide any support for the notion that a protected liberty interest has been implicated. [R. 1.] Instead, the barebones petition relies only on *Wolff v. McDonnell*, which does not apply to the discipline Duvall actually received.

On the whole, Duvall's petition provides little facts and no relevant law. Because it appears from the petition that Duvall is not entitled to habeas relief, the Court will dismiss the petition upon screening. However, the Court notes that Duvall's pending § 2241 petition is not the appropriate vehicle for his request for expungement of the disciplinary report in the first instance. The Sixth Circuit

3

previously found that where an inmate sought expungement of a disciplinary report rather than release from incarceration, the inmate should proceed by way of a civil rights, not habeas, action. *See Johnson*, 21 F. App'x at 332. A prisoner has a limited right to have erroneous information expunged from his prison file, but he may succeed with expungement if he can establish that (1) certain information is in the prison file; (2) the information is false; and (3) the information was relied upon to a constitutionally significant degree. *Id.* (citing *Paine v. Baker*, 595 F.2d 197, 201 (4th Cir. 1979)). Therefore, the Court will dismiss Duvall's claims in the present matter without prejudice, to his right to pursue them in a civil rights case if desired.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.      Duvall's petition for a writ of habeas corpus [R. 1] is **DENIED WITHOUT PREJUDICE**, to Duvall's right to file a civil rights complaint asserting his expungement claims;

2.      This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

3.      Judgment shall be entered contemporaneously herewith.

This the 21st day of October, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

4